David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
Kazerouni Law Group, APC
4455 E. Camelback Road, Suite C250
Phoenix, AZ  85018
Phone: 800-400-6808
Fax: 800-520-5523

Cy Hainey (SBN 030634)
cy@hilltoplawfirm.com
Hilltop Law Firm
P.O. Box 9096
Phoenix, AZ 85068
Phone: 602-466-9631
Fax: 602-466-9631

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA, PIMA DIVISION

| | |
|---|---|
| Corinna Sullivan, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.** |
| vs. | |
| Equifax Information Services, LLC, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

- 1 -

## Introduction

1. The United States Congress passed the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (hereinafter "FCRA") to promote accuracy, fairness, and privacy of information in the files of consumer reporting agencies. The FCRA protects consumers from the willful and/or negligent disclosure of inaccurate information on consumer credit reports.

2. Plaintiff Corinna Sullivan ("Plaintiff"), through her attorneys, bring this class action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant Equifax Information Services, LLC ("Equifax") for negligently, knowingly, and/or willfully reporting inaccurate information on Plaintiff's credit report without maintaining "reasonable procedures to assure maximum possible accuracy of the information" concerning the consumer."

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all of the conduct engaged in by Equifax took place in Arizona.

6. Any violations by Equifax were knowing, willful, and intentional, and Equifax did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Equifax's name in this Complaint includes all of Equifax's agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

8. This Court has federal question jurisdiction over this matter, pursuant to 28 U.S.C. § 1331, because this action arises out of violations of the FCRA, 15 U.S.C. §§ 1681, *et seq.,* which is a federal statute.

9. This Court has personal jurisdiction over Equifax because Equifax conducts substantial business within this judicial district. Thus, Equifax has sufficient minimum contacts within this State and district, and otherwise purposefully avails itself of the markets in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10. Venue is proper in the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1391, for the following reasons: (1) a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district; (2) Equifax is subject to personal jurisdiction by this Court because Equifax regularly conducts business within this judicial district; and (3) Plaintiff resides in the State of Arizona.

## Parties

11. Plaintiff is a natural person residing in the City of Green Valley, County of Pima, State of Arizona.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Equifax is a limited liability company and national credit reporting agency doing business in the State of Arizona.

14. Plaintiffs are informed and believe, and thereon allege, that Equifax is a "consumer reporting agency" as the term is defined by 15 U.S.C. § 1681a(f).

### Statutory Background

15. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

16. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

17. Under the FCRA, the term "consumer report" means "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor" in the underwriting of credit transactions involving the consumer. *Id.* § 1681a(d)(1).

18. The FCRA defines a "consumer reporting agency" as any person who, for a fee or other consideration, regularly engages "in the practice of assembling consumer credit information or other information about consumers for the purpose of furnishing consumer reports to third parties." *Id.* § 1681a(f). There are three major reporting agencies, and Equifax is one of them.

*Accord Morris v. Equifax Information Servs., LLC*, 457 F.3d 460, 461 (5th Cir. 2006), as modified on reh'g (Aug. 17, 2006).

19. In preparing a consumer report, a consumer reporting agency is required to "follow reasonable procedures to assure maximum possible accuracy of the information" concerning the consumer." *Id.* § 1681e(b).

**Factual Allegations**

20. At all times relevant to this matter, Plaintiffs were individuals residing in the State of Arizona.

21. At all times relevant to this matter, Equifax conducted business with numerous customers in the District of Arizona.

22. On or around August 5, 2021, Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court, District of Arizona (Case No. 4:21-bk-06068-SHG).

23. On or around December 21, 2021, the Bankruptcy Court discharged Plaintiff's debts including Plaintiffs' accounts with Synchrony Bank/JC Penneys, Capital One Bank USA, N.A. (3 accounts), Comenity Capital, (5 accounts), Regional Acceptance Corp., and Westlake Service, Inc.

24. On or around January 27, 2022, Plaintiff reviewed her Equifax credit report (Confirmation No. 2527704296) only to discover that much of the information on that report was inaccurate.

25. Specifically, Equifax reported a status of "UNAVAILABLE" on the following accounts:

- Synchrony Bank/JC Penneys Credit Card, Account No. not showing;
- Capital One Bank USA, N.A. Credit Card, Account No. not showing;

- Capital One Bank USA, N.A. Credit Card, Account No. not showing;
- Capital One Bank USA, N.A./Walmart Credit Card, Account No. not showing;
- Comenity Capital/CHLDPLCE Charge Account, Account No. not showing;
- Comenity Capital/SEPHORAVISACC Charge Account, Account No. not showing;
- Comenity Bank/VICTORIASSECRET Charge Account, Account No. not showing;
- Comenity Capital/FAMOUS Charge Account, Account No. not showing;
- Comenity Capital/CHLDPLCE Charge Account, Account No. not showing;
- Regional Acceptance Corp. Auto Loan, Account No. xxxx3988; and
- Westlake Service, Inc. Auto Loan, Account No. xxxxxx88

26. Equifax's reporting of the above-mentioned accounts was inaccurate because the accounts should have been reporting as included in bankruptcy in the status section.

27. Regardless of what the account should have been reporting as, a status of "UNAVAILABLE" is inaccurate.

28. Further, it is impossible for a creditor to know the status of the account and evaluate a person's creditworthiness when the status is "UNAVAILABLE".

29. Furthermore, Equifax was recently sued for the very same issue in the case of *Rouse et al v. Equifax Information Services, LLC*, in the United States District Court, District of Utah, case number 4:21-cv-00073-DN-PK. The complaint in the *Rouse* case was filed on July 1, 2021 and Equifax was served on July 22, 2021. Therefore, Equifax was aware of the issue at the very latest on July 22, 2021.

30. Equifax continued to report the inaccurate status of "UNAVAILABLE" on Plaintiff and the putative class's credit reports well after it was aware of the issue on July 22, 2021. Therefore, Equifax's actions as to Plaintiff and the putative class were willful.

31. As Equifax has stated, "[y]our credit history and credit scores are vital pieces of information that are important to your overall financial wellbeing."[1]

32. That said, Plaintiff's overall financial wellbeing has been severely affected by Equifax's inaccurate reporting. In fact, it has added insult to the injury she had already experienced with her bankruptcy. Plaintiff has found it increasingly difficult to rebuild her credit from the ground up after her bankruptcy because of Equifax's inaccurate reporting.

## Class Action Allegations

33. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

34. Plaintiff represents, and is a member of the Class, consisting of the following proposed class definitions:

---

[1] https://www.equifax.com/personal/education/credit/score/why-check-your-credit-reports-and-credit-score/ (last visited Apr. 30, 2021).

<u>Nationwide Class:</u>

> All persons with an address within the United States whose Equifax credit reports were inaccurately reported with a status of "UNAVAILABLE" within the past two (2) years.

<u>Arizona Sub-class</u>

> All persons with an address within the State of Arizona whose Equifax credit reports were inaccurately reported with a status of "UNAVAILABLE" within the past two (2) years.

35. Equifax and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

36. Plaintiff and members of the Class were harmed by the conduct of Equifax when it, either directly or through its agents, inaccurately reported accounts on Class members' credit reports with a status of "UNAVAILABLE". As such, Equifax negligently and/or willfully violated 15 U.S.C. § 1681e(b).

37. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the

parties and to the Court. The Class can be identified through Equifax's records or its agents' records.

39. There is a well-defined community of interest in the question of law and fact involved affecting the parties to be represented. The question of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the two years prior to filing this Complaint, Equifax or its agents negligently and/or willfully reported a status of "UNAVAILABLE" in Class members' accounts on their credit reports;

   b. Whether Plaintiff and the Class members were damaged thereby; and

   c. The extent of damages for Equifax's violations.

40. As a person who suffered from Equifax's inaccurate reporting in the manner described above, Plaintiff asserts claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

41. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Equifax's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Equifax will likely continue such illegal conduct. Due to the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving the FCRA.

43. A class action is a superior method for fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Equifax to comply

with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Equifax is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Equifax has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## Cause of Action

### Count I

### Fair Credit Reporting Act (FCRA)

### 15 U.S.C §§ 1681, *et seq.*

45. Plaintiff and the putative class repeat, re-allege, and incorporate by reference, all other paragraphs.

46. The foregoing acts and omissions of Equifax constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C §§ 1681, *et seq.*

47. Upon information and belief, Equifax did not follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and the putative class in violation of 15 U.S.C § 1681e(b).

48. Equifax's unreasonable procedures resulted in several inaccuracies in Plaintiff's credit report and the credit reports of the other putative Class members.

49. Plaintiff and members of the putative class were injured as a result of Equifax's inaccurate reporting.

50. As a result of each and every negligent violation of the FCRA, Plaintiff and class members are entitled to actual damages as the Court may allow

pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Equifax.

51. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Equifax.

## Prayer for Relief

## Count I

## Fair Credit Reporting Act (FCRA)

## 15 U.S.C §§ 1681, *et seq.*

52. **WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff and the putative class the following relief against Equifax:

   a. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class.

   b. An award of statutory damages or an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

   c. An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

   d. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Equifax for each incident of negligent noncompliance of the FCRA.

   e. Any other relief the Court may deem just and proper.

CLASS ACTION COMPLAINT
- 11 -

## Trial By Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

**KAZEROUNI LAW GROUP, APC**

Dated: February 7, 2022          By: /s/ Ryan L. McBride
                                      Ryan L. McBride, Esq.
                                      Attorney for Plaintiff