**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corinna Sullivan,<br><br>    Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC,<br><br>    Defendant. | No. CV-22-00061-TUC-JGZ (BGM)<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Lodge Documents Marked Confidential Under Seal and to File Redacted Motion, (Doc. 45), which the Court interprets as Plaintiff's Notice of Lodging, and Defendant's Motion to Seal, (Doc. 55). For the reasons stated below, Defendant's request to seal court documents is granted in part and denied in part.

## BACKGROUND

In April 2022, Plaintiff Corinna Sullivan filed a First Amended Class Action Complaint against Defendant Equifax Information Services, LLC, alleging that Equifax violated provisions of the Fair Credit Reporting Act (FCRA) by disclosing inaccurate information on her, and other Arizona residents', consumer credit reports. (Doc. 15.) Prior to bringing suit, Sullivan filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Arizona. (*Id*. ¶ 22.) The Bankruptcy Court discharged several of Sullivan's debts, including debts connected with revolving credit accounts.[1] (*Id*. ¶ 23.)

---

[1] "The release of a debtor from personal liability for prebankruptcy debts; specif., discharge under the United States Bankruptcy Code." Discharge in Bankruptcy, Black's Law Dictionary (12th ed. 2024).

According to Sullivan, while the debts had been legally discharged, Equifax inaccurately reported an "UNAVAILABLE" status on her consumer credit report for a number of her revolving credit accounts. (*Id.* ¶¶ 24-26.) Sullivan asserts that Equifax's inaccurate reporting has led to muddled creditworthiness determinations and an inhibited ability to rebuild her credit. (*Id.* ¶¶ 28, 32.) As part of the discovery process in this case, Sullivan requested that Equifax provide information concerning its internal policies and procedures and information that could be used to identify other class action members. Equifax brings the motion at hand asking the Court to seal portions of Sullivan's class certification motion, and its exhibits, because the documents constitute "confidential business information" and "trade secrets." (*See* Doc. 55 at 4-5.) Sullivan asserts that she does not believe any of Equifax's requests meet the "compelling reasons" standard, but she asks that the documents be sealed "out of an abundance of caution." (Doc. 45 at 3.) This Order follows.

## LEGAL STANDARD

A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of access to the record by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Under this standard, "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up). The court must then balance the competing interests of the public and the party requesting that the documents remain secret. *Id.* at 1179. If the court decides to seal certain records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The United States Court of Appeals for the Ninth Circuit has ruled that the compelling reasons standard applies to requests to seal motions that are "more than tangentially related to the underlying cause of action." *Chrysler*, 809 F.3d at 1099. Exhibits attached to the motions are subject to the same standard. *Kamakana*, 447 F.3d at

1179 (ruling that "compelling reasons" must be shown to seal judicial records attached to a dispositive motion); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) (holding that "the presumption of access is not rebutted where … documents subject to a protective order are filed under seal as attachments to a dispositive motion").

What constitutes a compelling reason is left to the discretion of the trial court, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978), and compelling reasons exist when court records are used for "improper purposes, such as to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," *Kamakana*, 447 F.3d at 1179 (cleaned up). "[S]ources of business information that might harm a litigant's competitive standing" may also constitute a compelling reason to seal. *Nixon*, 435 U.S. at 598. But the fact that the disclosure of records may lead to a litigant's "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Moreover, a party's assertion of a "general category of privilege, without any further elaboration or any specific linkage with the documents," does not satisfy the compelling reasons standard. *Id.* at 1184. Similarly, reliance on a blanket protective order issued for discovery purposes is also not a compelling reason to maintain records under seal. *Foltz*, 331 F.3d at 1138. When requesting that a court document be sealed, parties are encouraged to redact information rather than exclude an entire document, whenever possible. *See Kamakana*, 447 F.3d at 1179.

The sealing of court records is also regulated by this District's Local Rules. Local Rule of Civil Procedure 5.6 provides:

> **(d) Filing a Document Designated Confidential by Another Party.** Unless otherwise ordered by the Court, if a party wishes to file a document that has been designated as confidential by another party pursuant to a protective order or confidentiality agreement, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must confer with the designating party about the need to file the document (or proposed filing) under seal and whether the parties can agree on a stipulation seeking to have the document (or proposed filing) filed under seal. If the parties are unable to agree on these issues, the submitting party must lodge the document (or proposed filing) under seal and

file and serve a notice of lodging summarizing the parties' dispute and setting forth the submitting party's position, accompanied by a certification that the parties have conferred in good faith and were unable to agree about whether the document (or proposed filing) should be filed under seal. Within fourteen (14) days after service of the notice, the designating party must file and serve either a notice withdrawing the confidentiality designation or a motion to seal and a supporting memorandum that sets forth the facts and legal authority justifying the filing of the document (or proposed filing) under seal. If the designating party seeks to have the document (or proposed filing) filed under seal, the motion must append (as a separate attachment) a proposed order granting the motion to seal. No response to the motion may be filed. If the designating party does not file a motion or notice as required by this subsection, the Court may enter an order making the document (or proposed filing) part of the public record.

**(e) Denial of Request to File a Document Under Seal.** If a request to file under seal is denied in part or in full, the lodged document will not be filed. If the request is denied in full, the submitting party may, within five (5) days of the entry of the order denying the request, resubmit the document for filing in the public record. If the request is denied in part and granted in part, the party may resubmit the document in a manner that conforms to the Court's order and this Rule.

LRCiv 5.6(d), (e).

## DISCUSSION

In the motion at hand, Equifax requests that portions of Sullivan's class certification motion and exhibits remain under seal because the documents contain trade secrets and confidential business information. (Doc. 55 at 4-5.) Equifax specifically requests that the Court seal portions of: (i) its interrogatory responses and supplemental interrogatory responses; (ii) its policies and procedures; (iii) deposition transcripts of its 30(b)(6) representatives; and (iv) Sullivan's memorandum in support of class certification motion to the extent that it reveals confidential information. (*Id*. at 3-4.) Equifax categorizes this information as details concerning its internal coding procedures, details concerning its internal search-match process, and information concerning its internal data query project. (*Id*. at 5.) Equifax asserts that the information could be used by competitors to its disadvantage and that no countervailing considerations warrant public disclosure of the

- 4 -

information. (*Id*. at 5-6.)

The Ninth Circuit has instructed that the "publication of materials that could result in infringement upon trade secrets" has long been considered a factor that would overcome the strong presumption in favor of public access to the information. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). The court has also adopted the Restatement's definition of trade secret, *see Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972), and reiterated that a trade secret may consist of "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it," *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). District courts within this circuit have concluded that confidential business information includes a company's "marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-0282, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (collecting cases).

While courts in this circuit have broadly interpreted what constitutes trade secrets and confidential business information, Equifax's request to seal is only partially granted because the company fails to provide compelling reasons to overcome the strong presumption of public access to the information. Equifax's conclusory assertions that the information "could be used by [its] competitors to undercut its competitive advantages," (*see* Doc. 55 at 5), and that "no countervailing considerations warrant public disclosure," (*see id.* at 6), fail to constitute sufficiently specific compelling reasons to keep the information confidential. *See Kamakana*, 447 F.3d at 1182 (ruling that "conclusory offerings" fail to rise to the level of "sufficiently specific" compelling reasons to bar public access to documents). Additionally, Equifax's labeling and categorizing of its allegedly proprietary information also fails to sufficiently support its sealing request. *See id.* at 1184 (observing that a requesting party fails to satisfy its burden by "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with

the documents"). Notably, the company fails to delineate what information falls into each category, and it is not the Court's duty to try and figure it out. (Doc. 55 at 5); *see id.* at 1183 (upholding unsealing of records where requesting party justified proposed specific redactions by invoking general categories of privileges without elaboration).

Even where Equifax provides compelling reasons to seal portions of documents, it fails to support its reasons with "specific factual findings" that justify the secrecy of the information. *See Kamakana*, 447 F.3d at 1178 (emphasis added) (cleaned up) (reiterating that the requesting party "must articulate compelling reasons supported by *specific factual findings* that outweigh the general history of access" to the documents). As such, the Court cannot grant a number of Equifax's requests without relying on hypothesis or conjecture. The fact that Equifax brings its motion pursuant to a stipulated protective order or invokes the order to support its position is also unavailing. *See Foltz*, 331 F.3d at 1136 (holding that the compelling reasons standard continues to apply to documents subject to a protective order that are filed under seal as attachments to a dispositive motion). Finally, the Court is unpersuaded by Equifax's assertion that the good cause standard applies to the sealing of documents attached to a class certification motion. (*See* Doc. 55 n.3.) The case law underlying this assertion recognizes that a class certification motion "likely involves issues that are more than tangentially related to the merits of the case, thereby invoking the compelling reasons standard." *Gustafson v. Goodman Mfg. Co. LP*, No. CV-13-08274, 2016 WL 393640, at *2 (D. Ariz. Feb. 2, 2016) (internal quotation marks omitted).

**IT IS ORDERED** that Defendant's Motion to Seal (Doc. 55) is granted in part and denied in part. The highlighted portions of the following documents shall remain under seal: Doc. 56-1 at 7-10; Doc. 56-4 at 6-13; and Doc. 56-5 at 8-10, 12, 16, 20-21.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Lodge Documents Marked Confidential Under Seal and to File Redacted Motion (Doc. 45) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification (Doc. 50), which is currently under seal, is denied as moot.

**IT IS FURTHER ORDERED** that within five (5) days from the date of issuance of this Order, the parties shall jointly file a Notice of Compliance that includes a copy of Plaintiff's Memorandum of Points and Authorities in Support of its Motion for Class Certification and supporting exhibits, redacted only as necessary to comply with this Order and Federal Rule of Civil Procedure 5.2(a).

Dated this 8th day of October, 2024.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge